The opinion of the court was delivered by
Spencer, J.
Plaintiffs, representing themselves as heirs of Ashley T. Cawthorn, brought this suit to recover of J. D. Cawthorn, administrator of the succession of W. M. D. Cawthorn, the sum of $8337 37 in gold, with legal interest from January 1st, 1867, for this, viz.: “The value of the property which belonged to the succession of A. T. Cawthorn, deceased, sold and converted to his own use by said W. M. D. Cawthorn, *1182 deceased, for notes collected by him due said succession of A. T. Caw-•thorn, and for rents of lands belonging to said succession, which came into possession of said W. M. D, CaWthorn as tutor for your petitioners, and as administrator of the succession of A. T. Oawthorn, deceased, and for which he has never accounted,” as per detailed statement annexed to the petition. In this statement figures amount of inventory of 1865, which is put down at §2730.
The answer is a general denial of indebtedness, with a special averment that W. M. D. Oawthorn had paid out for the estate more money than he has received, as shown by the inventory. The items of credit ■are given in detail, vouchers filed, and defendant reconvenes and prays for judgment.
There was judgment in favor of plaintiffs, and the defendant appeals. A. S. B. Prior, alleging that he is the surety of W. M. D. Caw-thorn as tutor of plaintiffs, and injured by the judgment, also appeals.
The appellant Prior urges that this whole proceeding is void for want of jurisdiction in the district court; and in this we think he is right.
This is, and can be, nothing else than an action by the plaintiffs against the administrator of their deceased tutor for a liquidation and settlement of the affairs of the tutorship. The district court has no jurisdiction of such suit. Constitution, arts. 87, 88. “Sarah L. Lacy vs. Succession of O’Neil,” 25 A. 608. “Gibbs vs. Lum,” 29 A. 526.
It is- therefore ordered and decreed that the judgment appealed from be -annulled; and plaintiffs’ suit is dismissed as in case of nonsuit, appellees paying costs of both courts.